UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Michael R. Donlon

   v.                                                        Civil No. 10-cv-559-PB

James O'Mara, Superintendent,
Hillsborough County Department
of Corrections, et al.[1]

**O R D E R**

Michael Donlon has filed a civil rights action against James O'Mara, Superintendent of the Hillsborough County Department of Corrections ("HCDOC"), and other HCDOC defendants, pursuant to 42 U.S.C. § 1983, alleging that his First and Eighth Amendment rights have been violated (doc. no. 1). The case is before me pending preliminary review, pursuant to 28 U.S.C. § 1915A(a) and United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).

Also before the Court is Donlon's Expedited Motion for Transfer of Sentence (doc. no. 9) which the District Judge (Barbadoro, J.) has construed as a motion for preliminary injunctive relief and referred to me for my consideration and

---

[1]In addition to O'Mara, Donlon has named the following defendants in his complaint: Hillsborough County Department of Corrections ("HCDOC") Assistant Superintendent David Dionne, HCDOC Classifications Officer Raymond (first name unknown ("FNU")), HCDOC Medical Department, HCDOC Nurse Denise Ryan, and HCDOC Dr. Matthew Masewic.

recommended disposition.  I find that it is appropriate to conduct a hearing on the motion for injunctive relief.

## Standard of Review

When conducting the preliminary review of a prisoner complaint, this Court generously construes allegations made by the pro se prisoner and, once so constructed, presumes the truth of the facts alleged and any reasonable inferences from those facts for purposes of conducting the preliminary review.  See Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  At this time, however, as the Court is not conducting a review or any evaluation of the pleadings in this Order, the Court summarizes the facts as alleged in the complaint, without yet drawing any inferences or construing or presuming facts not actually pleaded.

In considering the motion for preliminary injunction, the Court will apply the familiar standard to determine whether injunctive relief is warranted.  To establish the necessity for a preliminary injunction, the moving party must establish that each of four factors weighs in his favor, thereby demonstrating the need for preliminary relief.  See Esso Std. Oil Co. v. Monroig-Zavas, 445 F.3d 13, 18 (1st Cir. 2006) (discussing the requisite showing to obtain a preliminary injunction).  Those factors are:  "(1) the likelihood of success on the merits; (2)

the potential for irreparable harm [to the movant] if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." Id. (internal quotations and citation omitted).  The Court will, after a hearing and consideration of all of the evidence, apply that standard in deciding whether or not to recommend the issuance of a preliminary injunction.

### Summary of Facts Alleged in Complaint

Donlon alleges that he is a sentenced inmate at the HCDOC. According to the facts set forth in the complaint and the Expedited Motion for Transfer of Sentence, Donlon was initially housed at the Rockingham County House of Corrections, where he was diagnosed with Type 2 diabetes and treated with oral medication.

In March 2010, Donlon was transferred to the HCDOC.  Upon his transfer, he asserts that his medication was discontinued by the HCODC Medical Department.  Approximately a month after Donlon's arrival at HCDOC, HCDOC physician, Dr. Matthew Masewic, ordered that Donlon's blood sugar be tested once a day, in the morning.  It does not appear that Donlon was receiving any medication at that time.  Donlon requested an additional test in

the afternoon, as he felt that was when his blood sugar dropped. His request was denied.

Donlon alleges that his blood sugar became severely disregulated in October 2010 and he was brought to the Elliot Hospital, where he was admitted for two days while doctors there stabilized his blood sugar levels. Donlon states he was then diagnosed with Type 1 diabetes and placed on injected insulin. Donlon claims the failure to treat his diabetes adequately between March 2010 and October 2010 resulted in a worsening of his condition and his becoming insulin dependent.

Donlon states that when he returned from the hospital to the HCDOC on October 30, 2010, he was placed in the HCDOC medical unit to be monitored. During the ten days he was on the medical unit, he filed three or four grievances with HCDOC administration complaining about his medical care at the HCDOC.

On November 10, 2010, Donlon was moved to the maximum security unit at the HCDOC. Donlon was told that he had been moved so that he could be better monitored, because he had eaten a donut. Donlon claims, however, that he was moved to a more restrictive security level in retaliation for filing grievances. Donlon now alleges that while in maximum security, he is unable to, among other things, access the commissary, and he is thus unable to buy food items to eat when his blood sugar drops. Further, Donlon states that because he is in maximum security,

4

he is not always able to get the attention of corrections officers when his blood sugar drops, to alert them to his need for medical assistance.  Donlon states that he has grieved the change in his custody status, and its attendant problems, to HCDOC administration, including the HCDOC Superintendent, but has received no response.  Donlon seeks injunctive relief from this Court to alleviate the potentially dangerous limitations of his housing situation.

## Conclusion

Without commenting at this time on the merits of Donlon's claims, I direct the Clerk's Office to schedule a hearing on the motion for preliminary injunctive relief (doc. no. 9) for January 3, 2010, at 10:30 a.m.  Donlon is to be transported from the HCDOC for the hearing.  Defendants are directed to respond to this motion in writing by December 29, 2010.  Defendants are directed to attach a copy of Donlon's medical record in the possession of the HCDOC to their response.  This record is to include the HCDOC's own records, the records the HCDOC has in its possession from the Rockingham County Department of Corrections, and the records the HCDOC has in its possession from any other jail where Donlon has been held during his present incarceration.  Defendants are further instructed to provide Donlon with a copy of their response and a copy of the

medical records submitted to the Court. The medical records will be filed here under seal.

**SO ORDERED.**

                              _____
                              Landya B. McCafferty
                              United States Magistrate Judge

Date: December 21, 2010

cc: Michael R. Donlon, pro se
    James O'Mara, Superintendent, HCDOC
    David Dionne, Assistant Superintendent, HCDOC
    Classifications Officer Raymond, HCDOC
    Denise Ryan, HCDOC Medical Department
    Dr. Matthew Masewic, HCDOC Medical Department