### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW HAMPSHIRE

Michael R. Donlon

      v.                                 Civil No. 10-cv-559-PB

James O'Mara, Superintendent,
Hillsborough County Department
Of Corrections, et al.


## O R D E R


Michael Donlon filed a "Motion to Transfer Plaintiff to Another County Facility" (doc. no. 9) seeking to be moved to another jail, alleging that he is not receiving adequate medical care at the Hillsborough County House of Corrections ("HCHC"), and that he will suffer irreparable harm as a result if this Court does not issue the requested injunction.  Judge Barbadoro construed the motion as a request for preliminary injunctive relief and referred the matter to this Magistrate Judge (doc. no. 10) for consideration and a recommendation.

The Court directed defendants to file and serve upon Donlon a copy of Donlon's medical records by December 29, 2010.  A hearing was held on the motion on January 3, 2011.  In advance of the January 3, 2011, hearing, defendants filed a copy of Donlon's medical record that appears incomplete, as it ends with only a few entries dated after November 2010, although the

testimony at the hearing indicated Donlon was receiving daily medical care after that date.

At the January 3, 2011, hearing, Donlon presented evidence that he is a diabetic being housed in the HCHC's maximum security unit.  Donlon asserted that his housing situation has endangered his health, as he is not able to possess food with which he can regulate his own blood sugar in that unit, and he is not always able to obtain prompt medical care when his blood sugar drops to a level that places him at risk of insulin shock.

At the hearing, Donlon argued that he should be moved out of the maximum security unit.  HCHC Assistant Superintendent David Dionne testified at the hearing that he was willing to, and in fact, would "love to," contract with Donlon to remove him from maximum security if Donlon would agree, in return, to cooperate with his medical treatment, and behave in a manner that would support his own health and safety.

The Court finds that the existence or absence of a contract between Dionne and Donlon (that would allow Donlon to safely reside off of the maximum security unit), and the complete medical record for Donlon, are relevant to its recommendation on Donlon's motion for preliminary injunctive relief.  Accordingly, the parties are directed to supplement the record by filing the following documents with the Court within seven days of the issuance of this Order:

1.   Any contract entered into between Dionne and Donlon, since January 3, 2011, containing any provision for Donlon's medical care and/or housing situation.  If such a contract was made orally, the parties shall each reduce their understanding of such contract to writing for submission to the court.

2.   If the parties have not entered into such a contract, each party is directed to submit a statement of its understanding as to why such a contract has not been executed, and what efforts, if any, have been made to create such a contract.

3.   Defendants are directed to submit a copy of Donlon's entire medical record in its possession covering the following dates:  December 1, 2010, through January 24, 2011, along with a motion to seal that record.

4.   A copy of any submission to the Court made pursuant to this Order shall be served upon the opposing party.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  January 24, 2011

cc:  Carolyn Kirby, Esq.
     Michael R. Donlon, pro se