UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Michael R. Donlon

   v.                                    Civil No. 10-cv-559-PB

Mathew Masewic, M.D.

### REPORT AND RECOMMENDATION

Michael Donlon, a former inmate at the Hillsborough County House of Correction ("HCHC"), has sued the HCHC's physician, Dr. Mathew Masewic, asserting claims for: (1) violation of his Eighth-Amendment rights, brought through the mechanism of 42 U.S.C. § 1983; and (2) medical negligence, under the common law of New Hampshire.  Before this court for a report and recommendation is Masewic's motion for summary judgment.  Donlon has not objected.  For the reasons that follow, I recommend that Masewic's motion for summary judgment be granted.

### Summary Judgment Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The object of summary judgment is to 'pierce the boilerplate of the pleadings and assay the parties' proof in

order to determine whether trial is actually required.'"  Dávila v. Corporación de P.R. para la Diffusión Pública, 498 F.3d 9, 12 (1st Cir. 2007) (quoting Acosta v. Ames Dep't Stores, Inc., 386 F.3d 5, 7 (1st Cir. 2004)).  "Once the moving party avers an absence of evidence to support the non-moving party's case, the non-moving party must offer 'definite, competent evidence to rebut the motion.'"  Meuser v. Fed. Express Corp., 564 F.3d 507, 515 (1st Cir. 2009) (citing Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991)).  When ruling on a party's motion for summary judgment, a trial court "constru[es] the record in the light most favorable to the nonmovant and resolv[es] all reasonable inferences in [that] party's favor."  Meuser, 564 F.3d at 515 (citing Rochester Ford Sales, Inc. v. Ford Motor Co., 287 F.3d 32, 38 (1st Cir. 2002)).

**Background**

Donlon's claims arise from treatment he received for Type II diabetes while he was incarcerated in the HCHC.  Both his federal constitutional claim and his state-law medical-negligence claim are based on allegations that Dr. Masewic: (1) removed him from oral medication; (2) tested his blood sugar for the first month of his incarceration, but not thereafter; (3) tested his blood sugar weekly, rather than more frequently; (4)

tested his blood sugar in the morning rather than the afternoon; and (5) delayed in providing treatment when he reported symptoms.

According to the scheduling order in this case, document no. 43, Donlon's deadline for disclosing experts, expert reports, and supplementations was December 1, 2011, see id. at 1.  On January 3, 2012, Donlon served Masewic with the following response to an interrogatory asking about his expert witnesses: "I have not yet spoken with my expert witness' and have not figured out which one's I will be having testify at trial yet.  I will inform you and provide all info. once I have it."  Def.'s Mot. Summ. J., Ex. A (doc. no. 49-3).  As of January 5, 2012, Donlon had not produced the expert disclosure that was due on December 1, 2011.

## Discussion

Masewic moves for summary judgment, arguing that both of Donlon's claims fail as a matter of law because each requires expert testimony, and Donlon has failed to make timely expert disclosure.  Masewic is correct.  The court considers each of Donlon's claims in turn.

A. Eighth-Amendment Claim

To prevail on his Eighth-Amendment claim, Donlon "must show that [Masewic] demonstrated 'deliberate indifference to [his] serious medical needs.'" Roberts v. Wentworth-Douglass Hosp., No. 09-cv-34-SM, 2011 WL 1230334, at *3 (D.N.H. Mar. 29, 2011) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).[1] As Judge McAuliffe explained,

> to violate the Eighth Amendment — that is, to constitute cruel and unusual punishment — the "care provided must have been so inadequate as to shock the conscience," Feeney v. Corr. Med. Servs., 464 F.3d 158, 162 (1st Cir. 2006) (citations and internal punctuation omitted), or "constitute 'an unnecessary and wanton infliction of pain,' or be 'repugnant to the conscience of mankind.'" Estelle, 429 U.S. at 105-06 (citations omitted).

Roberts, 2011 WL 1230334, at *4. Accordingly, "substandard care, malpractice, negligence, inadvertent failure to provide care, and disagreement as to the appropriate course of treatment are all insufficient to prove a constitutional violation." Ruiz-Rosa v. Rullán, 485 F.3d 150, 156 (1st Cir. 2007) (citing Feeney, 464 F.3d at 161-62).

---

[1] The Eighth-Amendment prohibition of cruel and unusual punishment is applied to the states by means of the Fourteenth-Amendment Due Process Clause. See Robinson v. California, 370 U.S. 660, 666-67 (1962).

In Roberts, where the plaintiff failed to make timely disclosure of an expert witness, the court granted the defendants' motion for summary judgment, explaining:

> [T]he medical treatment provided to Roberts was not so obviously outrageous or malicious that a lay trier-of-fact could reasonably conclude that it violated either the Eighth or Fourteenth Amendments.  So, to prevail on his constitutional claims, Roberts must provide expert medical testimony.  See, e.g., Robinson v. Hager, 292 F.3d 560, 564 (8th Cir. 2002); Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir. 1987).

Roberts, 2011 WL 1230334, at *4; see also Chambers v. Warden, N.H. State Prison, No. Civ. 02-304-JD, 2004 WL 42637 (D.N.H. Jan. 8, 2004).  Judge McAuliffe continued:

> This court lacks the medical training and expertise necessary to determine, in the absence of expert opinion evidence, whether the medical judgment exercised by the defendant physicians fell below an acceptable standard of professional care, much less that the medical care provided to [plaintiff] was so substandard as to implicate the Eighth Amendment.
>
> * * *
>
> If [plaintiff] expects to prevail at trial on his constitutional and/or state tort claims in this case, he will need to present expert medical witness testimony.

Roberts, 2011 WL 1230334, at *4 (quoting Boudreau v. Englander, 09-cv-247-SM, 2010 WL 2108219, at *3-4 (D.N.H. May 24, 2010)).  Ultimately, Judge McAuliffe granted the defendants' motion for summary judgment on the plaintiff's Eighth-Amendment claim:

> Roberts has failed to disclose an expert witness, the
> time for doing so has passed, and he has not sought an
> extension of that deadline — in fact, he has not even
> responded to defendants' pending motions.  And, absent
> expert medical testimony suggesting that defendants'
> treatment of him was so far below acceptable medical
> standards as [to be] repugnant to the conscience of
> mankind, or that it amounted to an unnecessary and
> wanton infliction of pain, Roberts cannot prevail on
> his constitutional claims.

Roberts, 2011 WL 1230334, at *4.

The issue in Roberts was whether the defendants violated the plaintiff's Eighth-Amendment rights by "subject[ing] [him] to unnecessary surgical procedures," id. at *2.  The issue in Boudreau, where the court granted the defendants' motion for summary judgment due to the plaintiff's failure to disclose a medical expert, was whether the defendants violated the plaintiff's Eighth-Amendment rights by tapering his daily dose of morphine, see 2010 WL 2108219, at *1.  The issue in Chambers, where the court granted the defendants' motion for summary judgment due in part to the plaintiff's failure to disclose a medical expert, was whether the defendants violated the plaintiff's Eighth-Amendment rights by treating his Hepatitis-C in a particular way, see 2004 WL 42637, at *3-4.

Donlon's claims in this case are substantially similar to those in Roberts, Boudreau, and Chambers.  Specifically, Donlon challenges, on Eighth-Amendment grounds: (1) the decision not to

6

treat him with oral medication; (2) the timing, frequency, and extent of his blood-sugar testing; and (3) the amount of treatment he received for his Type II diabetes.  While the court can imagine many medical conditions and modes of treatment (or lack thereof) that a jury could evaluate without the help of an expert witness, the treatment described by Donlon "was not so obviously outrageous or malicious that a lay trier-of-fact could reasonably conclude that it violated either the Eighth or Fourteenth Amendments," Roberts, 2011 WL 1230334, at *4.  Thus, as in Roberts, Boudreau, and Chambers, Donlon's failure to disclose a medical expert is fatal to his Eighth-Amendment claim.

B. Medical-Negligence Claim

Donlon's state-law medical-negligence claim may be disposed of in short order.  With regard to the burden of proof in medical-injury actions, such as Donlon's claim against Masewic, New Hampshire law provides:

> In any action for medical injury, the plaintiff shall have the burden of proving by affirmative evidence which must include expert testimony of a competent witness or witnesses:
>
>> (a) The standard of reasonable professional practice in the medical care provider's profession or specialty thereof, if any, at the

>    time the medical care in question was rendered;
>    and
>
>       (b) That the medical care provider failed to
>    act in accordance with such standard; and
>
>       (c) That as a proximate result thereof, the
>    injured person suffered injuries which would not
>    otherwise have occurred.

N.H. Rev. Stat. Ann. 507-E:2, I.  A plaintiff's failure to produce expert testimony in support of a medical-negligence claim entitles the defendant to judgment as a matter of law. See Dent v. Exeter Hosp., Inc., 155 N.H. 787, 796 (2007); see also Roberts, 2011 WL 1230334, at *5 ("Because Roberts has failed to disclose[ ] a medical expert, he cannot, as a matter of law, prevail on his state law medical malpractice claim."). Here, Donlon has failed to disclose a medical expert.  For that reason, Masewic is entitled to judgment as a matter of law on Donlon's state-law medical-negligence claim.

## Conclusion

For the reasons described above, I recommend that Masewic's motion for summary judgment, document no. 49, be granted.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's

order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

May 21, 2012

cc:  Michael R. Donlon, pro se
     Sarah S. Murdough, Esq.